UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADREANNA JOY PACINI, | Case No. 1:20-cv-01009-HBK |
| Plaintiff, | ORDER GRANTING MOTION FOR ATTORNEY'S FEES[1] |
| v. | (Doc. No. 22) |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | ORDER FOR CLERK TO MAIL A COPY OF ORDER TO PLAINTIFF |
| Defendant. | |

Monica Perales ("Counsel") of the Law Offices of Lawrence D. Rohlfing, attorney for Adreanna Joy Pacini ("Plaintiff"), filed a motion seeking attorney's fees pursuant to 42 U.S.C. § 406(b) on September 22, 2022. (Doc. No. 22). Plaintiff was served with the motion and advised she had 14 days to object. (*Id.* at 2, 24). Plaintiff has filed no opposition to the motion as of the date of this Order. (*See* docket). The Defendant filed a response in its role as a "trustee" for Plaintiff and "provided an analysis of the fee request" but "takes no position on the reasonableness of the request." (Doc. No. 23 at 2, 5). For the reasons set forth below, the motion for attorney's fees is granted in the amount of $13,717.00 subject to an offset of $1,803.00 in fees

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 11).

1  previously awarded on August 12, 2021, under the Equal Access to Justice Act (EAJA), 28
2  U.S.C. § 2412(d).  (Doc. No. 21).

## I.  BACKGROUND

On July 21, 2020, Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying Plaintiff's claim for disability insurance benefits under the Social Security Act.  (Doc. No. 1).  On June 9, 2021, the Court granted the parties' joint stipulation to voluntary remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and judgment was entered.  (Doc. Nos. 18-19).  The Court entered an award of $1,803.00 for attorney fees under the Equal Access to Justice Act ("EAJA") on August 12, 2021.  (Doc. Nos. 21).

On remand, the Commissioner found Plaintiff has been disabled since May 13, 2011. (Doc. No. 22-2).  Plaintiff was awarded $78,871.00[2] in retroactive benefits.  (Doc. No. 22-3 at 3). Counsel now seeks attorney's fees in the amount of $13,717.00, with an offset of $1,803.00 for EAJA fees already awarded.  (Doc. No. 22 at 1).  Counsel argues these fees are reasonable because the contingency fee agreement, which Plaintiff signed, permits Counsel to retain 25% of the past-due benefits.  (*Id*. at 6; Doc. No. 22-1).

## II.  APPLICABLE LAW

Attorneys may seek a reasonable fee under the Social Security Act for cases in which they have successfully represented social security claimants. Section 406(b) allows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . ..

42 U.S.C. § 406(b)(1)(A).  Counsel for a plaintiff may recover attorneys' fees under both 42 U.S.C. § 406(b) and EAJA.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  Counsel, however, must refund to the plaintiff the amount of the smaller fee. *Id.*

---

[2] There is some discrepancy in Plaintiff's briefing as to the total amount awarded in past due benefits. Plaintiff's brief cites the amount of past due benefits as $98,588.00.  (Doc. No. 22 at 8).  The Court presumes this amount is a typographical error, as the award of benefits calculates the past-due benefits as $78,871.00 and this amount is also cited in Counsel's declaration.  (Doc. No. 22-3 at 3; Doc. No. 22 at 21).

Fees in social security cases "are usually set in contingency-fee agreements and are payable from past-due benefits awarded to the claimant." *Biggerstaff v. Saul*, 840 F. App'x 69, 70 (9th Cir. 2020). The fee is not *borne* by the Commissioner. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). This provision's purpose is in part to "ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrecht,* 535 U.S. at 805 (internal quotations omitted). When weighing the adequacy of requested attorney's fees, Courts should respect "the primacy of lawful attorney-client fee agreements." *Id.* at 793. Counsel still bears the burden, however, of showing the requested fees are reasonable. *Id.* at 807. In determining reasonableness, the court may consider the experience of the attorney, the results they achieved, and whether there is evidence the attorney artificially increased the hours worked or the hourly rate charged. *Id.* at 807-808; *Crawford*, 586 F.3d at 1151. Any 406(b) award is offset by attorney fees granted under the EAJA. *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1219 (9th Cir. 2012)

### III. ANALYSIS

Here, Plaintiff signed a fee agreement providing, "the fee for successful prosecution of this matter is 25% of the backpay awarded…" (Doc. No. 22-1). Counsel was ultimately successful in securing $78,871.00 in retroactive benefits for Plaintiff. In support of this motion, Counsel submitted a time sheet indicating the firm expended 6.4 hours in attorney time and 3.0 hours in paralegal time on this matter. (Doc. No. 22 at 16; Doc. No. 22-4). The time Counsel spent in successfully attaining Plaintiff's benefits does not appear inflated.

Counsel's request for $13,717.00 in fees for 9.4 hours of work results in an hourly rate of $1,459.26 for the combined attorney and paralegal work. In 2008, the Ninth Circuit found similar hourly rates reasonable in social security contingency fee arrangements. *Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519.00, $875.00, and $902.00) (J. Clifton, concurring in part and dissenting in part). More recently, this Court approved an hourly rate of $1,025.22 for paralegal and attorney time. *Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, ECF No. 24, at 5 (E.D. Cal. March 19, 2020). Attorney hourly rates inevitably rise as their experience increases, and Counsel has been

3

practicing social security law since 2014. (Doc. No. 22 at 23, ¶15). The $13,717.00 sought by Counsel is slightly below the amount stipulated to in the contingency agreement. Based on the foregoing, and the lack of objection from the Commissioner as to the reasonableness of the request, the Court finds the requested fees of $13,717.00 are reasonable. *Gisbrecht,* 535 U.S. at 807-08.

An award of attorney's fees pursuant to 406(b) in the amount of $13,717.00 is, therefore, appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorneys' fees granted under the EAJA. 28 U.S.C. § 2412(d); *Gisbrecht*, 535 U.S. 796. As Plaintiff was previously awarded $1,803.00 in fees pursuant to the EAJA, Counsel shall refund this amount to Plaintiff.

Accordingly, it is **ORDERED**:

1. Plaintiff's Counsel's motion for an award of attorney's fees is GRANTED (Doc. No. 22).
2. Plaintiff's Counsel is awarded $13,717.00 in attorney fees pursuant to 42 U.S.C. § 406(b).
3. Counsel shall refund to Plaintiff $1,803.00 of the § 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) (Doc. No. 21).
4. The Clerk of the Court is respectfully directed to serve a copy of this Order on Plaintiff Adreanna Joy Pacini, 6759 North Haslam, Fresno, CA, 93711.

Dated:   October 12, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE